IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HEATHER LONG,

          Plaintiff,

v.                              CIVIL ACTION NO. 2:12-cv-01275

ETHICON, INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**
(Plaintiff's Motion for Partial Summary Judgment)

Pending before the court is the plaintiff's Motion for Partial Summary Judgment [ECF No. 96] wherein the plaintiff moves for partial summary judgment on various affirmative defenses raised by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, the plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves a Kentucky plaintiff who was implanted with Tension-free Vaginal Tape ("TVT"),[1] a mesh product manufactured by Ethicon, by Dr. Dwight Pridham on March 24, 2009, at Norton Suburban Hospital in Louisville, Kentucky. Am. Short Form Compl. [ECF No. 25] ¶¶ 1–12. The case resides in one of seven MDLs

---

[1] The plaintiff checked two boxes in paragraph eight of her Amended Short Form Complaint indicating that she was implanted with TVT and "Other" although she does not name the other product. Am. Short Form Compl. ¶ 8. The plaintiff only asserts a claim regarding the TVT. *Id.* at ¶ 9.

assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 139]. In the seven MDLs, there are approximately 29,000 cases currently pending, approximately 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to efficiently and effectively manage the massive Ethicon MDL, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), the court can promptly transfer or remand the case to the appropriate district for trial. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Aug. 19, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. The plaintiff's case was selected as an "Ethicon Wave 1 case."

## II. Legal Standards

### A. Summary Judgment

A court may use partial summary judgment to dispose of affirmative defenses. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996). To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise,

conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree that Kentucky choice-of-law principles apply to this case and that these principles compel the application of Kentucky law to the plaintiff's substantive claims.

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where a plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed

4

must be applied."); *see also In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010). This case was originally filed in the Western District of Kentucky. Therefore, I use Kentucky's choice-of-law rules to determine which state's law to apply to this case.

Kentucky courts apply a "significant contacts" test for tort claims. *See Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972). Under this rule, "significant contacts—not necessarily the most significant contacts" permit the application of Kentucky law. *Id.* Moreover, "any significant contact with Kentucky [i]s sufficient to allow Kentucky law to be applied." *Bonnlander v. Leader Nat. Ins. Co.*, 949 S.W.2d 618, 620 (Ky. 1996); *see also Brewster v. Colgate–Palmolive Co.*, 279 S.W.3d 142, 145 n.8 (Ky. 2009) (finding "significant contacts" with Kentucky and applying Kentucky law even though the plaintiff was exposed to asbestos when he worked at the defendant's Indiana plant). Here, Kentucky is where the plaintiff resides, where the TVT implant surgery took place, and where her claimed injuries occurred. Thus, I **FIND** that Kentucky has significant contacts with the case, and I apply Kentucky law.

III. Analysis

The plaintiff argues she is entitled to summary judgment on the defendants' affirmative defenses of contributory negligence, comparative fault, and/or comparative negligence of her physicians. Specifically, the plaintiff challenges ¶¶ 42, 45, 51, and 66 of the Master Answer and Jury Demand of Defendant Ethicon, Inc. to

5

First Amended Master Complaint ("Ethicon's Master Answer") [ECF No. 96-3] and ¶¶ 44, 47, 53, and 67 of the Master Answer and Jury Demand of Defendant Johnson & Johnson to First Amended Master Complaint ("Johnson & Johnson's Master Answer") [ECF No. 96-4]. The plaintiff argues that her Motion should be granted because the defenses are without legal or evidentiary support.

Ethicon withdraws the defenses contained in ¶ 42 of Ethicon's Master Answer. Accordingly, the plaintiff's Motion with regard to these defenses is **GRANTED**. The court **FINDS** that genuine disputes of material fact exist regarding the remaining defenses challenged by the plaintiff. Accordingly, the plaintiff's Motion as to the remaining defenses is **DENIED**.

IV. Conclusion

For the reasons discussed above, the court **ORDERS** that the plaintiff's Motion for Partial Summary Judgment [ECF No. 96] is **GRANTED** with regard to ¶ 42 of Ethicon's Master Answer. The court further **ORDERS** that the plaintiff's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 13, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE